UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL CHRISTIAN TRUITT,

        Plaintiff,

  v.                                         Case No. 19-cv-1672-pp

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

_____

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The only income listed by the plaintiff is $192 per month in food stamps, id. at 2, and the plaintiff's only expenses are $192 per month for food, id. at 2-3. The plaintiff does not own a

home, a car, or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am homeless. All I get is food stamps. I have no money to pay filing fee." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he was denied Social Security benefits by the Commissioner due to lack of disability, that the plaintiff is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits to the plaintiff are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 19th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**